LAFARGE NORTH AMERICA, INC., )
and )
CONTINENTAL EQUIPMENT )
COMPANY, INC., )
                                        )
      Plaintiffs/Counterclaim Defendants, )
                                        )
vs. )    Cause No.: 4:06CV1270
                                        )
GREYSTONE, INC., )
                                        )
      Defendant/Counterclaim Plaintiff, )
                                        )
vs. )
                                        )
COOK'S FABRICATION & WELDING, )
INC., )
                                        )
      Counterclaim Defendant/ )
           Cross Claim Plaintiff. )

## STIPULATED PROTECTIVE ORDER

Plaintiff/counterclaim defendant Lafarge North America Inc. ("Lafarge"), plaintiff/counterclaim defendant Continental Equipment Company, Inc. ("Continental"), defendant/counterclaim plaintiff GreyStone, Inc. ("Greystone"), and counterclaim defendant/cross claim plaintiff Cook's Fabrication & Welding, Inc. ("Cook's") hereby stipulate and the Court hereby finds as follows:

In the course of this litigation, the parties will be requested and required to produce documents and provide information and testimony of types listed in the following paragraphs A and B, the public disclosure of which would cause specific harm to Lafarge, Continental, Greystone, Cook's, and/or others not parties to this litigation and therefore are subject to protection for good cause pursuant to Fed. R. Civ. P. 26(c)(2). In

addition, good cause exists because otherwise discovery would be substantially hampered by the need to determine contemporaneously whether particular materials, information, and testimony are legally entitled to protection as trade secrets, proprietary, or otherwise.

A.     Documents and information that are subject to non-disclosure agreements between or among the parties hereto and/or third parties that pre-date this litigation and disclosure of such documents or information without the protection of confidentiality provided by this Order could breach the terms of those agreements.

B.     Documents and information that contain confidential and proprietary information of the parties hereto and of third parties, including but not limited to confidential commercial information relating to the parties' and third parties' business practices, financial records, employees, competitive business strategies, research and development, technologies, confidential contracts with third parties, actual revenue and revenue projections, sales records and sales projections, types and sources of materials and constituent components of products, manufacturing processes, sales and pricing agreements with suppliers or vendors, business plans, marketing strategies, and other non-public information.

Based on the foregoing stipulation and findings, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.     <u>Information to be Protected</u>.     All documents, testimony, and other discoverable information within the descriptions set out in paragraphs A and B above, whether in paper, electronic, machine-readable, or other form, that a party hereto, or third party, designates "CONFIDENTIAL" in accordance with the procedure outlined below shall be subject to the terms and conditions of this Protective Order.

2.      Marking of Designated Materials.  Documents that a party, or any third party, reasonably and in good faith believes fall within the categories outlined in paragraphs A and B hereof and should be subject to this Protective Order shall be marked by placing the legend "CONFIDENTIAL" on each page of the document.

3.      Designation After Production.  All materials that a party seeks to have protected under this Order shall be marked before providing a copy thereof to a receiving party.  If materials already have been produced to another party, the party producing such materials shall notify the other party as soon as practicable following entry of this Protective Order that such documents shall be marked and deemed "CONFIDENTIAL" and shall be subject to this Protective Order.  Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL,"  shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Order, shall take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

4.      Use of Designated Materials.  Materials designated as "CONFIDENTIAL" may be used only for the purposes of preparing for and conducting investigation, discovery, pretrial, trial, and appellate proceedings in this litigation and any mediation or other settlement discussions or negotiations.

5.      Access to "CONFIDENTIAL" Materials.  Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in

any way to any person or entity with the exception of:

(a)    the receiving party and directors, officers, employees, and former employees of the receiving party who are expected to be witnesses in this legal action or to whom it otherwise is necessary that the materials be shown for purposes of this action;

(b)    counsel for a receiving party (including members and employees of such counsel's law firm);

(c)    persons employed by the receiving party's attorney to furnish expert or consultant services exclusively for this litigation, and the staffs of those persons, provided, however, that confidential information may not be disclosed to any expert or consultant who is also an agent, consultant to, or employee of any of the producing party's competitors unless the producing party consents in writing prior to disclosure or the Court authorizes the disclosure;

(d)    deponents incident to their depositions;

(e)    the Court, its officers and employees.

(f)    witnesses who are expected to testify in this action and to whose testimony the information is relevant;

(g)    the author of the document to be disclosed;

(h)    employees or agents of photocopy, printing, or data management services engaged for the purpose of reproducing or otherwise processing such information in this action; and

(i)    such other persons as hereafter may be designated by written agreement of the parties or by Order of the Court.

The foregoing persons shall be made aware of this Order and shall agree to be bound by it.

6.    <u>Undertaking of Persons Receiving Designated Materials</u>.  Any person to whom information subject to this Order is to be disclosed who is listed in subparagraphs 5(c), (d), (f), or and (i) and who is not an employee of a party hereto, shall acknowledge and confirm by Declaration, in the form of Exhibit "A" hereto, that (s)he has read this

Protective Order and agrees to comply with its terms. Attorneys of record shall be responsible for obtaining executed copies of Exhibit A from persons listed in this paragraph to whom they intend to disclose documents or information subject to this Order. Such counsel shall not be required to disclose those executed Exhibit As except upon order of this Court.

7. <u>Interrogatory Answers</u>. If an interrogatory seeks information or material that falls within any of the categories listed in paragraph A or B of this Order, the party answering such interrogatory may answer the interrogatory separately from the other interrogatories with which it was served and shall designate such separate answer as "CONFIDENTIAL" (as appropriate pursuant to paragraph 2(a) or (b) of this Order) by so marking the pages containing the answer.

8. <u>Production by Others</u>. In the event an opposing party or a third party produces documents or materials that contain information of a party that falls within any of the categories listed in paragraph A or B of this Order without designating the materials "CONFIDENTIAL," such latter party may designate those materials "CONFIDENTIAL" by informing all other receiving parties thereof as soon as reasonably practicable but in no case less than 60 days before trial. Upon receipt of such notice, the receiving parties shall promptly mark their copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Order, shall take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated

materials confidentially as though originally so designated.

9.  Deposition Testimony.  If deposition testimony concerning "CONFIDENTIAL" material is requested or elicited, counsel for any party may request that:

(a) the portions of the testimony, and the transcript thereof, disclosing such material be treated as "CONFIDENTIAL";  and

(b) the room in which the deposition is being taken be closed except to persons who are permitted access to such "CONFIDENTIAL" materials under the terms of this Order for questioning pertaining to such material.

The designation of deposition testimony as "CONFIDENTIAL" may be made on the record at the time of the deposition or at any time thereafter subject to the provisions of paragraph 9 herein. Failure to designate portions of the deposition testimony or transcript as "CONFIDENTIAL" during a deposition shall not affect a party's right to designate or re-designate such testimony or transcript in accordance with paragraph 10. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL," counsel for each party shall cause the designated pages of each transcript in its custody to immediately be marked "CONFIDENTIAL."  Additionally, the cover page of any deposition transcript containing testimony designated as confidential shall be marked "CONFIDENTIAL."

10.  Subsequent Designations.  (a) If a party inadvertently produces documents or information that the party believes to be "CONFIDENTIAL," the party that inadvertently produced material may designate it within a reasonable period, but in no event less than 60 days prior to trial. Disclosure or production of material without appropriate marking or redaction shall not constitute a waiver of the right by any party to

seek protection under this Order.

(b)     With respect to deposition testimony, a party must designate testimony that the party believes to be "CONFIDENTIAL" within a reasonable period, but in no event less than 60 days prior to trial.

11.     <u>Filings Under Seal</u>.  If any party or counsel for any party wishes to disclose any "CONFIDENTIAL" material in any affidavit, brief, memorandum of law, oral argument, or other paper filed in the Court in this litigation, such papers or transcripts must be filed under seal.  NO ADDITIONAL MOTION FOR LEAVE NEED BE FILED, AS THIS ORDER GRANTS LEAVE TO FILE CONFIDENTIAL MATERIALS UNDER SEAL.

12.     <u>Subpoena of "CONFIDENTIAL" Materials</u>.  If a party in possession of "CONFIDENTIAL" material receives a subpoena or other legal compulsion seeking production or other disclosure of "CONFIDENTIAL" material, that party shall immediately give written notice to counsel for the party that produced the material and shall identify the "CONFIDENTIAL" material that has been sought and the date and time proposed for production or disclosure of the material.  Any party objecting to the production or disclosure shall have the right to take timely action in the appropriate court or courts and the party from whom the material has been requested shall cooperate in such action.  In the event that such action is taken (e.g., a motion is filed), no "CONFIDENTIAL" material that is the subject of said action to prevent disclosure shall be produced or disclosed without written approval by counsel of the objecting party or by order of the appropriate court(s).

13.     <u>Protection of Non-Parties</u>. A non-party that is obligated to provide

discovery in this action by deposition, production of documents or otherwise, may request the protections of this Order as to said nonparty's information that falls within one of the categories described in paragraph A or B of this Order, and such non-party shall be afforded such protections upon signing the Stipulation and Agreement attached hereto as Exhibit B. By signing such Stipulation and Agreement, the non-party also agrees to be bound by the terms of this Order and submits to the jurisdiction of this Court for the purpose of enforcement of this Order.

14.     Inadvertent Production.    In the event a party inadvertently produces documents or materials that are attorney-client privileged, work produce, or subject to some other privilege or immunity, such production shall not effect a waiver of such privilege or immunity.  In such event, the producing party, immediately upon learning of such inadvertent production, shall notify all parties to whom the documents or materials were produced of such inadvertent production and shall request the return of such documents and materials.  Within 10 days of the receipt of such notice and request, all receiving parties shall return to the producing party all copies of such documents and materials, including any copies provided to a third party, and shall not retain a copy of any such document or material.

15.     Limitations Upon the Scope of Order.    Nothing contained in this Protective Order shall affect the right of party producing documents or information herein to disclose or use for any purpose any materials designated by it as "CONFIDENTIAL."  This Order shall not limit or affect the rights of any party to use or disclose any information that has not been obtained though, or derived as, a result of this litigation.

16.     Return of Materials Following Litigation.     Within 60 days of the termination of this action, including any appeals, any party who desires that "CONFIDENTIAL" materials be returned by the opposing party(ies) shall notify counsel for a Receiving Party, and that Receiving Party's counsel shall make arrangements to return all copies of "CONFIDENTIAL" materials so requested.  After 60 days following the termination of this action, including all appeals, the parties will destroy all materials marked "CONFIDENTIAL" by another party that were not requested by such party to be returned to it as allowed by this paragraph.

17.     Sanctions for Breach.  Breach of this agreement may be punished by the contempt powers of the Court and also may give rise to a civil cause of action.  Within fourteen (14) days of a party learning of or suspecting a breach of this Order, such party shall give notice to the party believed to be in breach and request such party to take all appropriate steps to recover the information that was disclosed in violation of this Order and all appropriate steps to prevent or reduce harm to the party whose confidential information was disclosed.

18.     Challenges to Designations.  Nothing in this Protective Order constitutes a finding or admission that any "CONFIDENTIAL" materials are in fact confidential or otherwise not subject to disclosure.  Any party may dispute the confidential nature of any "CONFIDENTIAL" materials or may dispute that the "CONFIDENTIAL" materials are entitled to the protections of this Order and may move the Court for removal of the "CONFIDENTIAL" designation upon any such materials.  Nothing in this Protective Order shall preclude the Court, sua sponte, from determining that a "CONFIDENTIAL" designation is unwarranted and ordering the removal of such designation.  If a dispute

arises as to whether material, testimony, or information is entitled to protection pursuant to Fed. R. Civ. P. 26(c), the party seeking protection bears the burden of proving such protection is warranted under the rules. Neither a party's delay or failure to object or challenge the designation of materials, testimony and information as "CONFIDENTIAL," nor a party's use of such materials as permitted by this Protective Order, including filing of such materials under seal, shall constitute an admission or agreement that the materials, testimony or information is entitled to legal protection.

19.    Additional Protection. The foregoing is entirely without prejudice to the right of any party to apply to this Court for any further protective order relating to any other document, information, or issue, or to modify this Order.

20.    Duration of Order. The confidentiality obligations imposed by this Protective Order shall remain in effect indefinitely, even after the termination of this action, unless and until otherwise expressly ordered by the Court. After the termination of this action, a party may seek leave to reopen this case for the purpose of seeking relief for any violation or threatened violation of this Order and this Court shall retain jurisdiction over the parties and any third parties who have consented to such jurisdiction for that purpose.

21.    Civil Action. The terms of this Protective Order represent an agreement between the parties hereto, who may enforce the confidentiality obligations imposed by this Protective Order by separate civil action.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2008.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAFARGE NORTH AMERICA, INC., | ) | |
| and | ) | |
| CONTINENTAL EQUIPMENT | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | |
| | ) | |
| vs. | ) | Cause No.: 4:06CV1270 |
| | ) | |
| GREYSTONE, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COOK'S FABRICATION & WELDING, | ) | |
| INC., | ) | |
| | ) | |
| Counterclaim Defendant/ | ) | |
|     Cross Claim Plaintiff. | ) | |

**DECLARATION OF** _____
**UNDER PROTECTIVE ORDER AGAINST UNAUTHORIZED**
**USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

I, _____, declare as follows:

My address and telephone number are _____
_____.

I hereby acknowledge that I have received, or may receive, information designated as CONFIDENTIAL under a PROTECTIVE ORDER of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such PROTECTIVE ORDER.

I further state that I have (i) been given a copy of, and have read, the PROTECTIVE ORDER, (ii) I am familiar with the terms of the PROTECTIVE ORDER, (iii) I agree to comply with, and to be bound by, each of the terms thereof, and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the

PROTECTIVE ORDER.

        To assure my compliance with the PROTECTIVE ORDER, I hereby submit myself to the jurisdiction of the United States District Court for the Easter District of Missouri for the limited purpose of any proceedings relating to my performance under, compliance with, or violation of this PROTECTIVE ORDER.

        I understand I am to (i) retain all of the materials I receive that have been designated as CONFIDENTIAL in a secure and safe place in a manner consistent with this PROTECTIVE ORDER; and (ii) keep all such materials in my custody until I have completed my assigned duties, whereupon they and all copies thereof, are to be returned to the party who provided them to me. I further understand that I am required to deliver to the party who provided the designated materials any materials, memoranda, work notes, or other documents derived from documents designated as CONFIDENTIAL or containing any information disclosed therein. Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the PROTECTIVE ORDER. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the PROTECTIVE ORDER.

        I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed

_____
Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAFARGE NORTH AMERICA, INC., ) | |
| and ) | |
| CONTINENTAL EQUIPMENT ) | |
| COMPANY, INC., ) | |
| ) | |
| Plaintiffs/Counterclaim Defendants, ) | |
| ) | |
| vs. ) | Cause No.: 4:06CV1270 |
| ) | |
| GREYSTONE, INC., ) | |
| ) | |
| Defendant/Counterclaim Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| COOK'S FABRICATION & WELDING, ) | |
| INC., ) | |
| ) | |
| Counterclaim Defendant/ ) | |
| Cross Claim Plaintiff. ) | |

**STIPULATION AND AGREEMENT**

1.        _____, a non-party in the above-captioned action, have been served with a subpoena or other requests for materials herein. Compliance with such discovery requests will require _____ to disclose confidential information of the types described in paragraph A or B of the Protective Order entered in this action.

2.        _____ requests that it be afforded the protections of the Protective Order entered in this action and agrees that it shall abide by all of the terms of the Protective Order, and any further Order of the Court modifying or

superseding the terms of the Protective Order, as if it were a party to this action.

3. By this Stipulation and Agreement, _____ submits to the jurisdiction of the United States District Court for the Eastern District of Missouri for any proceedings related to its compliance with the Protective Order entered in this case.

Dated: _____

_____

By:_____
Its:_____